# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LIONEL JACKSON (# 108969)**                                       **CIVIL ACTION**

**VERSUS**

**ALVIN ROCHE, ET AL.**                                              **NO. 17-0329-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

                                                                                                                    _/s/ Erin Wilder-Doomes_
                                                                                                                    **ERIN WILDER-DOOMES**
                                                                                                                    **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LIONEL JACKSON (# 108969)**                                    **CIVIL ACTION**

**VERSUS**

**ALVIN ROCHE, ET AL.**                                          **NO. 17-0329-SDD-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion") filed on behalf of Defendants Alvin Roche, Jr., Robert Lofton, Jimmy Kuhn, Sheryl Ranatza, and Jim Wise.[1] The Motion is opposed by Plaintiff Lionel Jackson.[2] For the following reasons, the undersigned recommends that the Motion be denied.

### I.   Background

*Pro se* Plaintiff, an inmate at the Louisiana State Penitentiary, Angola, Louisiana, filed the present action pursuant to 42 U.S.C. § 1983 against Alvin Roche, Jr., Robert Lofton, Jimmy Kuhn, Sheryl Ranatza, and Jim Wise ("Defendants").[3] In short, Plaintiff alleges the retroactive application of parole guidelines violated the United State's Constitution's "prohibitions against ex post fact [sic] laws, and denied him due process in the parole hearing procedure."[4] Plaintiff filed suit on May 23, 2017. Defendants have filed the instant Motion asserting Plaintiff's § 1983 claims are prescribed.

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 6. On June 5, 2017, Plaintiff filed a document entitled "Memorandum of Law and Argument in Support of 42 U.S.C. § 1983 For Mandatory/Permanent Injunction." (R. Doc. 3). The Court construes this filing as a First Amended Complaint as it provides further factual details regarding the circumstances surrounding Plaintiff's parole hearings. Moreover, the document was filed within the time period provided for amendment as a matter of course in Fed. R. Civ. P. 15(a)(1).

2

**II.     Law and Analysis**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[5] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[6] Generally, when deciding a Rule 12(b)(6) motion to dismiss, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice.[7]

In the instant Motion, Defendants' only argument for dismissal is that Plaintiff's claims are prescribed. Although a defendant asserting a defense under Louisiana law normally has the burden of establishing the elements of the defense, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled when the face of the Complaint reflects that more than a year has passed since the complained of events.[8] Accordingly, this Court must first determine whether it is evident on the face of the Complaint that Plaintiff's claims are prescribed.

There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period.[9] In Louisiana, § 1983 claims must be filed within the one-year prescriptive period applicable to delictual actions.[10] Although Louisiana law governs the limitations period and the tolling exceptions, federal law governs when a cause of action accrues.[11] Under federal law, a

---

[5] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[6] *Id.* (citation omitted).
[7] *Davis v. Bellsouth Telecommunications*, Civ. Action No. 11-722, 2012 WL 2064699 at *1 (M.D. La. June 7, 2012) (citations omitted).
[8] *See Savoy v. St. Landry Parish Council*, Civ. Action No. 08-232, 2009 WL 4571851, at *3 (W. D. La. Dec. 1, 2009) (citations omitted).
[9] *Owens v. Okure,* 488 U.S. 235, 249–50, (1989).
[10] *See Robinson v. Cain, et al.*, 421 F. Appx. 411, 412 (5th Cir. 2011).
[11] *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

3

cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[12]

Plaintiff raises three *ex post facto* challenges: 1) a 2010 change to the number of votes needed for Plaintiff to obtain parole (an increase from 3 to 5 votes for the crimes of violence against a peace officer); 2) a 2012 change that gives victims the right to testify via letters that neither the prisoner nor the attorney can review; and 3) a 1995 change that includes a victims' rights advocate on the parole board.[13] Defendants argue that Plaintiff's claims are prescribed because Plaintiff "admits in his Complaint that he was first aware that he was allegedly injured by the . . . changes to parole laws on August 10, 2015,"[14] however, Plaintiff does not specifically make such an admission.

While Plaintiff admits he had a parole proceeding on August 10, 2015, it is not clear from the face of the Complaint, as amended, whether Plaintiff knew or had reason to know that the changes to the parole process that form the basis for his *ex post facto* challenges applied in that proceeding. For example, though Plaintiff states that he appeared before a five-member parole committee panel in 2015, the Complaint, as amended, does not provide any details about that hearing. Plaintiff does not indicate the manner in which voting occurred or the number of individuals who voted for and against his parole.[15] If Plaintiff only received notification of the outcome or if he did not receive at least three votes in favor of parole at his 2015 hearing, he would not necessarily have had reason to know of the facts giving rise to his first *ex post facto* challenge. There are also no facts regarding whether victims' letters were considered by the parole board or if a victims' rights advocate was on the board and/or participated at the 2015 hearing. In short,

---

[12] *Id.* (quoting *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980)).
[13] R. Doc. 1, pp. 6-7
[14] R. Doc. 9-1, p. 5.
[15] R. Doc. 3, p. 7.

4

there is no information for this Court to determine that the laws about which Plaintiff complains were actually applied to his parole proceeding as early as August 2015.[16]

Accordingly, it is unclear if Plaintiff knew or had reason to know on August 10, 2015 of the aforementioned changes in parole procedure. Thus, it is not possible to determine at this juncture whether the action accrued on August 10, 2015. Further, the Court must be mindful that *pro se* complaints are to be construed liberally. Additional evidence may be available or may come to light in this case through discovery that supports Defendants' contentions and reflects that Plaintiff was, or should have been, aware of the above changes regarding parole proceedings. At this point, however, the Plaintiff's claims are not prescribed on the face of the Complaint, as amended. Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss[17] be **DENIED** and that this matter be referred to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on January 22, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Plaintiff states that he has only sued the parole board from the 2017 hearing and specifically states that a victim's rights advocate committee member, Mr. Roche, used false information during the hearing to "deny Plaintiff release arbitrarily and capriciously to satisfy the motive of the victim, and victim's right organization …." R. Doc. 3, p. 12. Additionally, the only documentary evidence submitted with the amended complaint is related to the 2017 parole proceeding. *See* R. Doc. 3-1.
[17] R. Doc. 9.